# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DAISHAWN DECOSEY on behalf of Wax
Guff Technological,

                     Plaintiff,

v.                                             Case No:   6:14-cv-2038-Orl-41KRS

FACEBOOK INCOPORATED,

                     Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | **December 11, 2014** |

## I.  PROCEDURAL HISTORY.

      On December 11, 2014, Plaintiff Daishawn Decosey, appearing *pro se* and purportedly acting on behalf of Wax Guff Technological ("Wax Guff"), filed a complaint against Defendant Facebook Incorporated ("Facebook").   Decosey alleged that Facebook seems to infringe a copyright authored by Wax Guff.    Doc. No. 1.

      In the above-referenced application to proceed *in forma pauperis*, Decosey states that he is the owner of a technological company.   Doc. No. 2 at 1.   The Florida Department of State, Division of Corporations shows that a Florida Limited Liability Company named Wax Guff LLC is registered

with Daishawn Decosey shown as a member of the LLC.   Florida Division of Corporations, found

online at http://search.sunbiz.org/Inquiry/CorporationSearch/

SearchResultDetail/EntityName/flal-l14000154362-c9ff8703-736a-4a34-b7e5-a4dce9b8e710/

Wax%20Guff/Page1 (last visited Dec. 15, 2014).

## II.    STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*

the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to

state a claim on which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief.  *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1

(11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants

— prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in

both categories."). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a

district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject-

matter jurisdiction in a case.   *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing

*Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).   "[I]t is incumbent upon federal courts

trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if

necessary."  *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981).

Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject-

matter jurisdiction, even when a party has not challenged it.  *See, e.g.*, *Univ. of S. Ala. v. Am.

Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

## III.    ANALYSIS.

It appears that Daishawn Decosey is attempting to file a lawsuit on behalf of Wax Guff LLC.

Daishawn Decosey does not appear to be lawyer who is a member of the Florida Bar, and Decosey

is not a lawyer who is a member of the bar of this Court. "It is well-settled that although individuals

may appear in court *pro se*, a corporation cannot be represented in a legal action by a non-lawyer employee, officer or shareholder." *Simon v. Leaderscape LLC*, No. 06-80797-CIV, 2007 WL 1879393, at * 1 (S.D. Fla. June 26, 2007).   Therefore, to the extent that Decosey intended to file this case on behalf of Wax Guff LLC, the complaint must be dismissed because Decosey cannot prosecute this action on behalf of the LLC.

Additionally, artificial entities, such as an LLC, may not appear *in forma pauperis*. *Rowland v. Calif. Men's Colony*, 506 U.S. 194 (1993).   Therefore, I recommend that the Court deny the application to proceed *in forma pauperis* (Doc. No. 2) without prejudice.

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted.   *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002).   The Court may permit Wax Guff, LLC to file an amended complaint within a time established by the Court through counsel of record.   *See* Local Rule 2.03(e).   Alternatively, the Court may permit Decosey to file an amended complaint within a time established by the Court if he has any claims to assert on his own behalf, rather than on behalf of Wax Guff.

## IV.    RECOMMENDATION

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the complaint and **DENY** the motion to proceed *in forma pauperis* (Doc. No. 2).   I further **RECOMMEND** that the Court give Wax Guff LLC leave to file an amended complaint through counsel who is a member of the Bar of this Court within a time established by the Court. Alternatively, I **RECOMMEND** that the Court give Daishawn Decosey leave to file an amended complaint asserting only his own claims, and a renewed application to proceed *in forma pauperis* within a time established by the Court.   Finally, I **RECOMMEND** that the Court advise

Wax Guff and Decosey that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 15, 2014.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy